IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALEJANDRO MIRANDA OTERO,

    Plaintiff,

        v.                                  Civ. No. 04-1199(PG)

COMMONWEALTH OF PUERTO RICO
INDUSTRIAL COMMISSION, et al.,

    Defendants.

**OPINION AND ORDER**

    Before the Court is plaintiff's Motion for Reconsideration (Docket No. 34) of this Court's Opinion and Order (Docket No. 32) granting defendants' Motion to Dismiss (Docket No. 13). For the following reasons, plaintiff's request is denied.

**BACKGROUND**

    In its opinion and order the Court concluded, upon carefully reviewing the pleadings, that plaintiff's §1983 claim against co-defendants Adalberto Pantojas ("Pantojas"), Gilberto Charriez ("Charriez"), and Juan R. Rivera Lomeño ("Rivera") should be dismissed because he failed to allege they had acted under color of state law. See Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001)(To prevail in a §1983 claim, plaintiffs must allege defendants acted under color of state law). The only averment to that effect was regarding co-defendant Aixa Rey-Diaz ("Rey"). Plaintiff alleged she divulged his confidential personnel information with the intention of causing him harm while acting in her official capacity as director of the Industrial Commission of Puerto Rico's legal division. Nevertheless, his claim of political discrimination against Rey still failed because he did not allege

Civ. No. 04-1199 (PG)                                                    Page 2

he had engaged in constitutionally protected speech[1]. Neither did he allege whether Rey was aware of his political beliefs. See Goodman v. Pennsylvania Turnpike Comm'rs, 293 F.3d 655, 664 (3d Cir. 2002)(For political affiliation to be a motivating factor behind an adverse employment action defendant must have had knowledge of the person's political affiliation). Furthermore, plaintiff's retaliation claim also failed because even assuming he had engaged in protected speech and co-defendant Rey was aware of it, he did not allege having suffered an adverse employment action by Rey. His allegation that she divulged the information in his personnel record did not constitute an adverse employment action nor did it sustain his retaliation claim for political discrimination against her. See Williams v. Wolke, 83 F.R.D. 435, 436 (D.C.Wis., 1979)("[M]ere negligence of a government employee does not give rise to liability under 42 U.S.C. 1983[2].") In sum, because plaintiff failed to allege the factual averments regarding each material element necessary to sustain recovery, his claims were dismissed. See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)("[T[he requirements of Rule 8(a)(2) are minimal--but minimal requirements are not tantamount to nonexistent requirements")(internal quotations omitted). He now seeks reconsideration of this Court's order.

## **DISCUSSION**

Motions for reconsideration are considered motions to alter or amend a judgment under Fed.R.Civ.Proc. 59(e). Standard Quimica De Venezuela v. Central Hispano Intern., Inc., 189 F.R.D. 202, 204 (D.P.R. 1999). Motions

---

[1] The only reference to his political beliefs was that he started working at the Commission under the New Progressive Party's administration and that he had manifested support for the then president Basilio Torres Rivera. He did not, however, indicate whether he or Mr. Torres Rivera were members of the NPP or whether co-defendant Rey was a member of another political party or of an opposing faction within the NPP.

[2] See Campbell v. Chappelow, 95 F.3d 576, 580 (7th Cir. 1996)("Negligence is insufficient to establish liability under 42 U.S.C. §1983")(citing Clifton v. Schafer, 969 F.2d 278, 283 (7th Cir.1992); Jamison v. McCurrie, 565 F.2d 483, 486 (7th Cir. 1977)("There is no constitutional cause of action for mere negligence").

Civ. No. 04-1199 (PG)                                                         Page 3

under Rule 59(e) are "aimed at reconsideration, not initial consideration." FDIC Corp. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). Parties should not use them to "raise arguments which could, and should, have been made before the judgment [was] issued." Id. (quoting FDIC Corp. v. Meyer, 781 F. 2d 1260, 1268 (7th Cir. 1986)). Motions under rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to present a new legal theory." Id.; see Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995). Motions under Rule 59(e) "cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Standard Quimica De Venezuela, 189 F.R.D. at 205, n.4(citing Fine v. U.S. Department of Energy, 830 F.Supp. 570, 573 (D.N.M. 1993). Indeed, "motions for reconsideration are extraordinarily remedies which should be used sparingly and are typically denied." Villanueva-Mendez v. Nieves Vazquez, 360 F.Supp.2d 320, 324 (D.P.R. 2005)(internal quotations omitted).

  Plaintiff insists he alleged facts to establish each element of his cause of action.  As evidenced by the preceding discussion, however, the Court carefully reviewed plaintiff's allegations and found them lacking. Nevertheless, the Court has revisited plaintiff's complaint and once more reviewed each allegation only to reiterate its original assessment: it lacks the necessary factual averments to sustain a claim for relief.

  Furthermore, a review of all the documentary evidence submitted by both parties does not show how this Court manifestly erred in its analysis of the applicable law. To the contrary, the evidence further strengthens defendants'

original position that they acted lawfully. For example, the Court is now aware of the fact that plaintiff's insubordination and misconduct were the cause of his suspension, and that he was afforded due process. (See Docket No. 34, Exhibits 1, 2, & 3.)

Plaintiff, nevertheless, argues that he has discovered new evidence regarding co-defendant Charriez which somehow alters this Court's conclusion. Nothing could be farther from the truth. A review of the same reveals that the so-called newly discovered evidence regards information plaintiff was aware before the entry of judgment and does not in any way change the fact that his complaint is flawed. For example, the letter sent to Senator Bruno Ramos is dated October 15, 2003. His complaint was filed five months later on March 11, 2004. Yet, even if he in fact had no knowledge of the letter, its content simply confirms other evidence of which he was fully aware of regarding his misconduct and the investigations thereof. (See Docket Nos. 34, Exhibits 2 & 3.) What is more, a review of Charriez's deposition reveals that the reason the letter was sent was because plaintiff had been raising apparently false accusations against Rey who was up for confirmation for state judge. Charriez sent the letter to the Senator to clarify plaintiff's allegations against her with regards to her participation at the probable cause hearing regarding the August 19, 2003-incident with co-defendant Rivera[3].

Lastly, plaintiff claims that at his deposition, Charriez denied having sent Rey to the probable cause hearing as defense counsel for Rivera or that

---

[3] Plaintiff claimed that on August 19, 2003 co-defendant Rivera approached him in a hostile manner and screamed at him:"What's the matter with you? Why are you putting so much pressure on the dudes at this agency? I'll bet you won't pressure me, ahhh?! Go ahead, pressure me,...I'll tear off your neck, you son of a bitch."(Translation ours.) Following this incident, plaintiff filed a complaint before the Puerto Rico Police against Rivera. At the probable cause hearing, co-defendant Rey, the Commission's Legal Division Director, was present given that the incident had taken place at the Commission's premisses, but plaintiff claimed she was there to represent Rivera.

Civ. No. 04-1199 (PG)                                                    Page 5

he had authorized her to use plaintiff's personnel record at the hearing. How this information alters the Court's conclusions is beyond our comprehension. Plaintiff's arguments seem more like an attempt to amend his complaint than to seek reconsideration. Plaintiff cannot use a request for reconsideration "as a vehicle to relitigate matters already litigated and decided by the court." Standard Quimica De Venezuela, 189 F.R.D. at 205, n.4. Having reread the pleadings, the evidence submitted[4], as well as plaintiff's disorganized compilation of allegations in support of reconsideration, the Court denies his request.

## CONCLUSION

For the anteceding reasons, plaintiff's Motion for Reconsideration (**Docket No. 34**) is DENIED.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, July 11, 2005.

                                                S/JUAN M. PEREZ-GIMENEZ
                                                U.S. DISTRICT JUDGE

---

[4] Plaintiff submitted a 251-page deposition to which he makes reference to without indicating page numbers. Although not required by Rule 59(e), counsel should aid the Court in its review of the evidence to further achieve prompt resolution of the pending matter. When citing to lengthy documents, such as the one made referece to here, the better practice is to indicate what portions of the document supports his contentions, citing specific page references.